UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PURZEL VIDEO GMBH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:13CV0449 AGF |
| | ) | |
| DOES 1-32, | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Plaintiff Purzel Video GMBH, ("Purzel") for leave to take discovery prior to the Rule 26(f) conference in this case. For the reasons set forth below, the motion shall be granted.

Plaintiff claims that Defendants, Does 1-32, illegally downloaded and uploaded a motion picture copyrighted by Plaintiff, in violation of the federal Copyright Act of 1976, 17 U.S.C. §§ 101, et seq. According to Plaintiff, this was done over the Internet using "peer to peer" file swapping networks allowing others around the country to download the movie.

Plaintiff seeks leave to serve discovery upon numerous third-party Internet Service Providers ("ISPs") to determine the true identity of the 32 Doe Defendants. Plaintiff argues that without this discovery it cannot identify Defendants, and would be unable to pursue its lawsuit to protect its copyrighted work from infringement. Plaintiff has identified Defendants by a unique Internet Protocol ("IP") address assigned to each Defendant on the date and time of the alleged infringing activity. According to Plaintiff,

the ISPs provide Internet access to Defendants and are able to match an IP address to a particular subscriber by reviewing its subscriber activity logs.  These logs are typically retained by the ISP for a limited period of time.  Therefore, Plaintiff seeks immediate discovery before the information is permanently destroyed.  Plaintiff has submitted a proposed protective order that includes a time line for the discovery of Defendants' identities, including deadlines for Rule 45 subpoenas and any motions regarding those subpoenas.

Expedited discovery can be granted when the party seeking discovery establishes good cause, i.e., that the need for expedited discovery, in consideration of the administration of justice, outweighs prejudice to a responding party.  *See, e.g., Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).  Here, Plaintiff has demonstrated good cause because it has shown potential irreparable harm from infringement, no prejudice to Defendants, and limited availability of the information sought.  *See Arista Records, L.L.C. v. Does 1-54*, No. 4:08-CV-1289 (CEJ), 2008 WL 4104563, at *1 (E.D. Mo. Aug. 29, 2008).  The disclosure of the information sought by Plaintiff is consistent with the ISPs' obligations under the Cable Service Privacy Act, 47 U.S.C. § 551(c) (2) (B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to take discovery prior to the Rule 26(f) conference is **GRANTED**.  (Doc. No. 3.)

**IT IS FURTHER ORDERED** that Plaintiff may immediately serve Rule 45 subpoenas on the ISPs listed in Exhibit A to the Complaint to obtain information to

identify Does 1-32, specifically his or her name, address, MAC address, and email address.  The subpoenas shall have a copy of this Memorandum and Order attached.  Plaintiff shall have 30 days from the date of this Memorandum and Order to serve the ISPs.

**IT IS FURTHER ORDERED** that the ISPs will have 60 days from the date of service of the Rule 45 subpoena upon them to serve the relevant Does with a copy of the subpoena and a copy of this Memorandum and Order.  The ISPs may serve the Does using any reasonable means, including written notice sent to their last known address, transmitted either by first-class mail or via overnight service.

**IT IS FURTHER ORDERED** that Does 1-32 shall have 60 days from the date of service of the Rule 45 subpoena and this Memorandum and Order upon him or her to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously.  Should any Doe file a motion to quash, motion for protective order, motion to dismiss, motion to sever, or similarly styled motion seeking similar relief, that specific Doe's information will be withheld from Plaintiff until after the Court rules on that Doe's motion.

**IT IS FURTHER ORDERED** that all other information requested by the subpoena at issue (e.g., contact information for any non-moving Does) can be produced by the ISPs to Plaintiff.  The ISPs may not turn over Defendants' identifying information to Plaintiff before the expiration of the 60-day period within which Defendants shall have to contest a subpoena.  Additionally, if a Defendant or ISP files a motion contesting a

subpoena, the ISPs may not turn over the moving Doe's information to Plaintiff until the issues have been addressed and the Court issues an order instructing the ISPs to resume in turning over the requested discovery.

**IT IS FURTHER ORDERED** that the subpoenaed ISPs shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash or other similarly styled motion.

**IT IS FURTHER ORDERED** that if the 60-day period lapses without a Doe Defendant or ISP contesting the subpoena, the ISPs shall have 10 days to produce the information responsive to the subpoena to Plaintiff. A Defendant who moves to quash or modify the subpoena, or to proceed anonymously, shall at the same time as his or her filing also notify his or her ISP so that the ISP is on notice not to release that Defendant's contact information to Plaintiff until the Court rules on any such motions.

**IT IS FURTHER ORDERED** that, to maximize judicial efficiency, the Court will delay ruling on all Doe motions to quash, motions for protective order, motions to dismiss, motions to sever, or similarly styled motions seeking similar relief filed until the end of the second 60-day period.

**IT IS FURTHER ORDERED** that Plaintiff will file a single opposition to all motions to quash, motions for protective order, motions to dismiss, motions to sever, or similarly styled motions seeking similar relief filed. Plaintiff shall have 14 days from the end of the second 60-day period to do so.

**IT IS FURTHER ORDERED** that any Doe who has filed a motion to quash, motion for protective order, motion to dismiss, motion to sever, or similarly styled

motion seeking similar relief, can file a reply to Plaintiff's opposition within 14 days of Plaintiff's opposition, if he or she so chooses.

**IT IS FURTHER ORDERED** that an ISP that receives a subpoena pursuant to this Memorandum and Order shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena.  An ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and cost report to Plaintiff.

**IT IS FURTHER ORDERED** that any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting, investigating, and resolving Plaintiff's rights as set forth in its complaint.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 20th day of March, 2013.